IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESA HERREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No.  CIV-04-1099-M |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for supplemental security income benefits (SSI) under 42 U.S.C. §1382c(a)(3). This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

On September 5, 2001, Plaintiff protectively filed her application for SSI alleging a disability since December 31, 1996 (TR. 64-66, 63). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 33, 34, 35, 36).  Pursuant to the Plaintiff's request, a hearing de novo was held before an administrative law judge (ALJ) on October 9, 2003 (TR. 454-510). The Plaintiff appeared in person and with her non-attorney representative and offered testimony in support of the application (TR. 463-500).  A vocational expert (VE) testified at the request of the ALJ (TR. 500-508). The ALJ issued his decision on December 15, 2003 finding that Plaintiff was not entitled to SSI (TR. 15-24). The Appeals Council denied the Plaintiff's request for review on May 25, 2004, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 8-10).

**STANDARD OF REVIEW**

The Tenth Circuit case of Casias v. Secretary of Health & Human Services, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (citations omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (citations omitted). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (citations omitted). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (citations omitted). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (citations omitted).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir. 1992) (citations omitted).

**DISCUSSION & FINDINGS**

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 22). At step two, the ALJ concluded that the Plaintiff suffers from severe impairments due to "lupus, rheumatoid arthritis, headaches, and depression, as well as problems with her stomach, heart, kidney, back, knees, neck, hands, elbows, shoulders, feet, and hip" (TR. 22). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 22). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 23).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir. 1989); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform less than the full range of sedentary work (TR. 23).  Based upon Plaintiff's exertional capacity for sedentary work, and the claimant's age, education, and work experience, Medical Vocational Rule 201.25 contained in 20 C.F.R. Part 404, Subpart P, Appendix 2, (hereafter "Grids") when used as a framework for decision making directed a conclusion that Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to SSI (TR. 24).

On appeal to this Court, Plaintiff alleges that the ALJ erred at step three of the sequential evaluation process by failing to find that Plaintiff met Listing 14.02.[1]

At step three of the sequential evaluation process, a claimant's impairment is compared to the Listings (20 C.F.R. Pt. 404, Subpt. P, App. 1).  If the impairment is equal or medically equivalent to an impairment in the Listings, the claimant is presumed disabled.  A plaintiff has the

---

[1]  14.02 Systemic lupus erythematosus. Documented as described in 14.00B1, with:
 A. One of the following:
  1. Joint involvement, as described under the criteria in 1.00; or
  2. Muscle involvement, as described under the criteria in 14.05; or
  3. Ocular involvement, as described under the criteria in 2.00ff; or
  4. Respiratory involvement, as described under the criteria in 3.00ff; or
  5. Cardiovascular involvement, as described under the criteria in 4.00ff or 14.04D; or
  6. Digestive involvement, as described under the criteria in 5.00ff; or
  7. Renal involvement, as described under the criteria in 6.00ff; or
  8. Hematologic involvement, as described under the criteria in 7.00ff; or
  9. Skin involvement, as described under the criteria in 8.00ff; or
  10. Neurological involvement, as described under the criteria in 11.00ff; or
  11. Mental involvement, as described under the criteria in 12.00ff.
or
 B. Lesser involvement of two or more organs/body systems listed in paragraph A, with significant, documented, constitutional symptoms and signs of severe fatigue, fever, malaise, and weight loss. At least one of the organs/body systems must be involved to at least a moderate level of severity.

burden of proving that a Listing has been equaled or met. Bowen v. Yuckert, 482 U.S. at 140-42 (1987); Williams v. Bowen, 844 F.2d at 750-51 (10th Cir. 1988). In his decision, the ALJ is "required to discuss the evidence and explain why he found that [the claimant] was not disabled at step three." Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1996).

It is apparent from the ALJ's decision that he failed in his duty to discuss the evidence and explain why he found that Plaintiff was not disabled at step three. Clifton at 1008. The ALJ offers only the following conclusory statement:

> The Administrative Law Judge has carefully compared the claimant's signs, symptoms, and laboratory findings with the criteria specified in all of the Listings of Impairments. The Administrative Law Judge has placed specific emphasis upon … Listing 14.02, pertaining to systemic lupus erythematosus… Based upon this analysis, the Administrative Law Judge finds [sic] hat the claimant's impairments do not meet or equal the criteria established for an impairment shown in the Listings of impairments in Appendix 1, Subpart P, Regulations No. 4.

(TR. 16-17). The ALJ offers conclusions without linking his conclusions to specific medical evidence. As in Clifton, the ALJ in this case failed to discuss why the elements of the appropriate Listing were not met. In short, the ALJ in this case made the same type of summary conclusion as the ALJ in Clifton. In Clifton, the Tenth Circuit held that such a bare conclusion was beyond any meaningful judicial review. Clifton at 1009.

In particular, the Tenth Circuit held as follows:

> Under the Social Security Act,
>
> > [t]he Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

4

> 42 U.S.C. 405(b)(1). . . .
>
> This statutory requirement fits hand in glove with our standard of review. By congressional design, as well as by administrative due process standards, this court should not properly engage in the task of weighing evidence in cases before the Social Security Administration. 42 U.S.C. 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). . . . Rather, we review the [Commissioner's] decision only to determine whether his factual findings are supported by substantial evidence and whether she applied the correct legal standards. . .
>
> In the absence of ALJ findings supported by specific weighing of the evidence, we cannot assess whether relevant evidence adequately supports the ALJ's conclusion that [the claimant's] impairments did not meet or equal any Listed Impairment, and whether he applied the correct legal standards to arrive at that conclusion. The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence. . . . Rather, in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects. . . . Therefore, the case must be remanded for the ALJ to set out his specific findings and his reasons for accepting or rejecting evidence at step three.

Clifton, at 1009-10 (internal case citations omitted).

The undersigned wishes to make it clear, however, that he is in no way expressing an opinion as to whether Plaintiff actually meets or equals Listing 14.02 or any other Listing. Rather, the undersigned is simply recommending that this case be remanded so that the ALJ can adequately discuss and explain his step three conclusions as they relate to specific medical evidence. On remand the Secretary should also obtain testimony from a medical expert to assist the ALJ in his step three determination.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned

magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this the 31st day of October, 2005.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE